IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EARNEST SCOTT, Jr.,                          :
             Plaintiff                 :
     v.                                           : Case No. 3:22-cv-52-KAP
PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, *et al.*,                        :
             Defendants             :

Memorandum Order

Plaintiff's motion to compel, ECF no. 71, is denied. *Pro se* litigants are allowed some leeway, but the motion and exhibits amount to nothing more than five pages of "this is what I want" followed by 161 pages of "here it is, figure it out." There are conclusory assertions that the requested production is "very well relevant" but that will never justify court intervention: even *pro se* litigants have the obligation of presenting a coherent argument. I nevertheless have scanned through the responses to the various discovery requests and there is nothing obviously wrong with the responses. Objection to overbroad or vague requests accompanied by a production of what counsel believes the request properly seeks is the orthodox approach to discovery. As for plaintiff's complaint that some discovery was entirely unanswered, a discovery deadline is not a deadline for propounding discovery: discovery requests not due until after discovery closes are not proper discovery requests.

Plaintiff's motion to extend time to file a summary judgment motion, ECF no. 75, is denied. I write additionally only to correct the error in plaintiff's characterization of this case. Plaintiff claims that he has filed an amended complaint "as required by Court order dated September 18, 2023." To the contrary, plaintiff is a frequent filer who within each case repeatedly seeks leave to add claims and defendants as it occurs to him and who has uniformly been denied leave to do so without prejudice to submitting a new complaint and incurring a new filing fee. Plaintiff filed papers in mid-October in support of a motion I already denied in September, and in mid-October also filed what he styled as a proposed amended complaint. *See* ECF no. 53. That is a nullity. The only complaint is at ECF no. 12.

The parties shall proceed to filing their pretrial statements: plaintiff by January 31, 2024, defendants by March 5, 2024. Under Rule 56 the Court has the power to order motions for summary judgment on issues it identifies, and under the PLRA I have the duty to weed out frivolous or meritless claims at any time. This looks like a straightforward dispute over claim of an excessive use of force. Any improper tag-along claims can be weeded out before trial, and my examination of what the parties actually intend to present through their witnesses will help me to identify issues as to which there

may be no genuine dispute.

DATE:___December 7, 2023_____        _____
                                    Keith A. Pesto,
                                    United States Magistrate Judge

Notice by ECF to counsel of record and by  U.S. Mail to:

      Earnest Scott, Jr. ND-3773
      S.C.I. Houtzdale
      P.O. Box 1000
      Houtzdale, PA 16698